1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11  United States of America    )  Case No.  **CR 17-446-JFW**
                                 )
12                  Plaintiff,   )  **CRIMINAL TRIAL ORDER**
                                 )
13        v.                     )
                                 )
14  Michael Potere               )
                                 )
15                  Defendant.   )
    _____ )
16

17       **READ THIS ORDER CAREFULLY.  IT CONTROLS THE CASE AND**

18  **DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

19       The above matter is set for trial before the Honorable

20  John F. Walter, Courtroom 7A, United States Courthouse.

21                    <u>**PRE-TRIAL AND TRIAL DATES**</u>

22       Pretrial motions shall be filed on August 3, 2017.

23       Oppositions shall be filed on August 14, 2017.

24       Replies (optional) shall be filed on August 17, 2017.

25       Status Conference/Hearing on motions set for **August 21,**

26       **217 at 9:00 a.m.**

27       Trial is set for Tuesday, **September 14, 2017 at 8:30 a.m.**

28  / / /

## ELECTRONIC FILING AND COURTESY COPIES

1.    All documents which are required to be filed in an electronic format pursuant to the Local Rules shall be filed electronically no later than 4:00 p.m. on the date due unless otherwise ordered by the Court.  Any documents filed electronically after 4:00 p.m. on the date due will be considered late and may be stricken by the Court.  Any documents which counsel attempt to file electronically which are improperly filed will not be accepted by the Court.

Counsel are ORDERED to deliver **2 copies** of all documents filed electronically in this action to Chambers.  For each document filed electronically, one copy shall be marked "CHAMBERS COPY" and the other copy shall be marked "COURTESY COPY."  The "CHAMBERS COPY" and "COURTESY COPY" are collectively referred to herein as "Courtesy Copies."  The Courtesy Copies of each electronically filed document must include on each page the running header created by the ECF system.  In addition, on the first page of each Courtesy Copy, in the space between lines 1 - 7 to the right of the center, counsel shall include the date the document was e-filed and the document number.  The Courtesy Copies shall be delivered to Chambers no later than 10:00 a.m. on the next business day after the document was electronically filed. All documents must be stapled or bound by a two prong fastener, the electronic proof of service must be attached as the last page of each document, and all Exhibits to Declarations or Requests for Judicial Notice must be tabbed. Counsel shall not staple the "COURTESY COPY" and "CHAMBERS

1  COPY" together. The "COURTESY COPY" of all documents must be
2  three-hole punched at the left margin with oversized 13/32"
3  hole size, not the standard 9/32" hole size.

4      In the unlikely event counsel finds it necessary to file
5  a Notice of Errata: (1) the Notice of Errata shall
6  specifically identify each error by page and line number and
7  set forth the correction; and (2) a corrected version of the
8  document in its entirety shall be attached to the Notice of
9  Errata.

10     When a proposed order accompanies an electronic filing, a
11  WordPerfect or Word copy of the proposed order, along with a
12  copy of the PDF electronically filed main document, shall be
13  e-mailed to JFW_Chambers@cacd.uscourts.gov.  The subject line
14  of the e-mail shall be in the following format: court's
15  divisional office, year, case type, case number, document
16  control number assigned to the main document at the time of
17  filing, judge's initials and filer (party) name.  Failure to
18  comply with this requirement may result in the denial or
19  striking of the request or the Court may withhold ruling on
20  the request until the Court receives the required documents.

21     2.  All documents which are not filed electronically
22  shall be served personally on opposing counsel or faxed to
23  opposing counsel no later than 4:30 p.m. on the day of
24  filing.  For any document that is not required to be filed
25  electronically, counsel are ORDERED to deliver 1 conformed
26  copy of the document, which shall be marked "COURTESY COPY,"
27  to Chambers **at the time of filing**.
28  / / /

3

3.    Counsel are ORDERED to list their facsimile transmission numbers and e-mail address along with their address and telephone numbers on all papers submitted to the Court in order to facilitate communication by the Court.

### DISCOVERY & NOTICE

4.    Counsel for the government and counsel for defendant shall comply promptly with discovery and notice requirements pursuant to Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 15, and 16.   Upon government counsel's discovery of any evidence within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), such evidence shall be produced forthwith to counsel for the defendant.   Counsel for the government shall also disclose to counsel for defendant the existence or non-existence of: (1) evidence obtained by electronic surveillance; and (2) testimony by a government informer.

### APPLICATIONS AND STIPULATIONS TO EXTEND TIME

5.    No application or stipulation extending the time to file any required document or to continue any date is effective until and unless the Court approves it. Applications and/or stipulations to extend the time to file any required document or to continue any hearing, status conference or trial date must set forth the following:

(a)   the existing due date or hearing date, as well as the status conference and the trial date;

(b)  the new dates proposed by the parties;

(c)  specific, concrete reasons supporting good cause for granting the extension; and

/ / /

(d) whether there have been prior requests for extensions, and whether those requests were granted or denied by the Court.

All applications and stipulations must be accompanied by a separate and independent proposed order which must be submitted to the Court in accordance with the General Order Authorizing Electronic Filing.  The Court will not consider any stipulation or application to continue any hearing unless such stipulation or application is properly filed with a separate proposed order at least three court days prior to the date of the hearing.  If the stipulation or application for continuance was not filed at least three court days prior to the date of the hearing, or if the Court has not ruled on the stipulation or application, counsel and the defendant(s) shall appear on the scheduled hearing date.

**SUBSTITUTION OF COUNSEL**

6.    The Court will not consider a request for approval of substitution of counsel after an action has been set for trial unless: (1) counsel files the request using the most recent version of the appropriate forms provided on the Court's website; and (2) the request is accompanied by a declaration signed by a substituting attorney indicating that such attorney has fully complied with the General Order Authorizing Electronic Filing, has been advised of the trial date, and will be prepared to proceed with trial as scheduled.

In the event the substituting attorney cannot be prepared to proceed to trial as scheduled and the request for

substitution of counsel will require a continuance of the
trial date, the request for substitution must be submitted
with an *ex parte* application to continue the trial date which
sets forth the specific, concrete reasons why a continuance
of the trial date will be necessary.

## MOTIONS IN LIMINE

7.   Before filing any motion in limine, counsel for the
parties shall confer in a good faith effort to eliminate the
necessity for hearing the motion in limine or to eliminate as
many of the disputes as possible.  It shall be the
responsibility of counsel for the moving party to arrange for
this conference.  The conference shall take place in person
within five calendar days of service upon opposing counsel of
a letter requesting such conference.  Unless counsel agree
otherwise, the conference shall take place at the office of
the counsel for the government.  If both counsel are not
located in the same county in the Central District, the
conference may take place by telephone.  The moving party's
letter shall identify the testimony, exhibits, or other
specific matters alleged to be inadmissible and/or
prejudicial, shall state briefly with respect to each such
matter the moving party's position (and provide any legal
authority which the moving party believes is dispositive),
and specify the terms of the order to be sought.

8.   If counsel are unable to resolve their differences,
they shall prepare a separate, sequentially numbered Joint
Motion in Limine for each issue in dispute which contains a
clear caption which identifies the moving party and the

1  nature of the dispute (*e.g.*, "Defendant's Motion in limine #1

2  to exclude evidence of Defendant's prior convictions").  Each

3  Joint Motion in Limine shall consist of one document signed

4  by all counsel.  The Joint Motion in Limine shall contain a

5  clear identification of the testimony, exhibits, or other

6  specific matters alleged to be inadmissible and/or

7  prejudicial and a statement of the specific prejudice that

8  will be suffered by the moving party if the motion is not

9  granted.  The identification of the matters in dispute shall

10 be followed by each party's contentions and each party's

11 memorandum of points and authorities.  The title page of the

12 Joint Motion in Limine must state the hearing date for the

13 motions in limine and the trial date.

14       9.  Joint Motions in Limine made for the purpose of

15 precluding the mention or display of inadmissible and/or

16 prejudicial matter in the presence of the jury shall be

17 accompanied by a declaration from the moving party that

18 includes the following:  (a) a clear identification of the

19 specific matter alleged to be inadmissible and/or

20 prejudicial; (b) a representation to the Court that the

21 subject of the motion in limine has been discussed with

22 opposing counsel, and that opposing counsel has either

23 indicated that such matter will be mentioned or displayed in

24 the presence of the jury before it is admitted in evidence or

25 that counsel has refused to stipulate that such matter will

26 not be mentioned or displayed in the presence of the jury

27 unless and until it is admitted in evidence; and (c) a

28 / / /

1  statement of the specific prejudice that will be suffered by

2  the moving party if the motion in limine is not granted.

3      10.  Unless ordered by the Court, no supplemental or

4  separate memorandum of points and authorities shall be filed

5  by either party in connection with any motion in limine.

6      11.  The Court's Courtesy Copies of all evidence in

7  support of or in opposition to a motion in limine, must be in

8  a separately bound volume and shall include a Table of

9  Contents.  If the supporting evidence exceeds fifty pages,

10 each Courtesy Copy of the supporting evidence shall be placed

11 in a slant D-ring binder with each item of evidence separated

12 by a tab divider on the right side, and shall include a label

13 on the spine of the binder identifying its contents.  All

14 documents contained in the binder must be three hole punched

15 with the oversized 13/32" hole size, not the standard 9/32"

16 hole size.

17     12.  The Court will not consider any motion in limine in

18 the absence of a joint motion or a declaration from counsel

19 for the moving party establishing that opposing counsel: (a)

20 failed to confer in a timely manner; (b) failed to provide

21 the opposing party's portion of the joint motion in a timely

22 manner; or (c) refused to sign and return the joint motion

23 after the opposing party's portion was added.

24     13.  Unless otherwise ordered by the Court, motions in

25 limine shall be filed twelve (12) calendar days before trial

26 and will be heard at 10:00 a.m. on the Friday before trial.

27 Unless the Court in its discretion otherwise allows, no

28 motions in limine shall be filed or heard on an *ex parte*

1  basis, absent a showing of irreparable injury or prejudice
2  not attributable to the lack of diligence of the moving
3  party.

4      14.  The failure of any counsel to comply with or
5  cooperate in the foregoing procedures will result in the
6  imposition of sanctions, including a resolution of the issue
7  against the party refusing to cooperate.

8                      **PRE-TRIAL FILINGS**

9      15.  Counsel for the government shall file with the
10  Court, at least five (5) calendar days before trial, the
11  following:

12          (a)  a trial brief not to exceed 15 pages;

13          (b)  <u>in camera</u> and under seal, a list of its
14  witnesses in the order that the witnesses will be called and
15  a brief summary of each witness's testimony.  The government
16  also shall provide the Court (<u>but not file</u>) one copy, which
17  shall be marked "COURTESY COPY," of <u>the unredacted statements</u>
18  <u>of all witnesses</u> to be called by the government in its case-
19  in-chief.  The COURTESY COPY of the statements shall be
20  placed in a slant D-ring binder with each statement separated
21  by a tab divider on the right side, shall include a Table of
22  Contents, and shall include a label on the spine of the
23  binder identifying its contents.  All documents contained in
24  the binder must be three hole punched with the oversized
25  13/32" hole size, not the standard 9/32" hole size.

26          (c)  <u>in camera</u> and under seal, a list of all exhibits
27  that the government intends to offer during trial.  The
28  government shall also provide the Court (<u>but not file</u>) one

copy, which shall be marked "COURTESY COPY," of the exhibits contained on the exhibit list.  The COURTESY COPY of the exhibits shall be placed in a slant D-ring binder with each exhibit separated by a tab divider on the right side and shall include a label on the spine of the binder identifying its contents.  All documents contained in the binder must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

(d) a document for the Court Reporter which contains proper names, unusual or scientific terms, or any foreign or uncommon words that are likely to be used during trial.  Counsel for the government shall also e-mail a copy of the document to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

16.  It is not the intent of the Court to modify the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) regarding the disclosure of expert testimony; however, for each expert the parties intend to have testify during trial, the Court will require the parties to file with the Court, at least six calendar days before trial, a copy of the expert's report, curriculum vitae, and an offer of proof of the opinion testimony of the expert.

17.  Upon proper request by the defendant for the disclosure of the government's intent to offer evidence pursuant to Federal Rule of Evidence 404(b), the government shall promptly provide a list of all witnesses and documents that the government intends to offer during trial, and in no

/ / /

1  event shall the government provide such information later

2  than eleven (11) calendar days prior to trial.

3      18.  The government shall personally deliver to

4  defendant(s) at least fifteen (15) calendar days before

5  trial, a copy of the transcript and/or translation for each

6  intercepted call, recorded conversation and/or interview that

7  the government intends to use during trial.  Within four (4)

8  calendar days of receipt of the government's transcripts,

9  each defendant shall advise the government in writing (via

10  fax or personal delivery) if they object to the accuracy of

11  any of the transcript(s) and/or translation(s), and shall

12  identify the portion or portions of the transcript(s) and/or

13  translation(s) to which they object, and the basis for their

14  objection.  After the government's receipt of a defendant's

15  objections, the government and that defendant shall meet and

16  confer in person to resolve those objections.  In the

17  unlikely event that the parties are unable to resolve their

18  differences, counsel for the government and each defendant

19  shall file a joint statement, at least five (5) calendar days

20  before trial, quoting the disputed portion(s) of the

21  transcript(s) and briefly stating each parties' position.  If

22  the accuracy of a translation is at issue, the defendant

23  shall submit his or her proposed version of the translation.

24  Failure by a defendant to advise the government of his or her

25  objections will constitute a waiver of those objections

26  unless the defendant can demonstrate good cause for his or

27  her failure to comply with this Order.

28  / / /

11

19.   The parties shall meet and confer and shall prepare an Agreed Upon Summary of the Indictment which the Court shall read to all prospective jurors prior to the commencement of voir dire.  The summary should not be longer than two or three paragraphs.  In the event the parties are unable to agree on a summary of the indictment, the parties shall file a joint statement setting forth each party's proposed version of the summary and any objections to the opposing party's version.  The parties shall file the Agreed Upon Summary of the Indictment, or their proposed versions and objections, no later than five (5) calendar days before trial.

20.   If counsel need to arrange for the installation of their own additional equipment, such as video monitors, overhead projectors, etc., notify the Courtroom Deputy no later than 4:30 p.m. seven calendar days before trial so that the necessary arrangements can be made.

### JURY INSTRUCTIONS & VERDICT FORM

21. The parties must submit JOINT jury instructions, a JOINT proposed verdict form and, if necessary, special interrogatories.  Courtesy Copies shall be provided to the Court in accordance with Section 1 of this Order.  Lead counsel shall meet and confer sufficiently in advance of the required filing date with the objective of submitting one set of agreed upon instructions, verdict form and, if necessary, special interrogatories.

22.   If lead counsel agree upon one complete set of jury instructions, they shall file a joint set of proposed jury

1  instructions, arranged in a logical sequence with each
2  instruction sequentially numbered, and identified as
3  "Stipulated Instruction No. __ Re _____," with the blanks
4  filled in as appropriate.  If the parties cannot agree upon
5  one complete set of jury instructions, they shall file the
6  following two joint documents with the Court:

7          (a)  A joint set of proposed jury instructions
8  arranged in a logical sequence with each instruction
9  sequentially numbered.  If undisputed, an instruction shall
10 be identified as "Stipulated Instruction No. __ Re _____,"
11 with the blanks filled in as appropriate.  If disputed, each
12 alternate version of the disputed instruction shall be
13 inserted together (back to back) in their logical place in
14 the overall sequence.  Each such disputed instruction shall
15 be identified as "Disputed Instruction No. __ Re _____
16 Proposed By  _____," with the blanks filled in as
17 appropriate.  All disputed versions of an instruction shall
18 bear the same instruction number.  If a party does not have a
19 counter-version of an instruction and simply contends no such
20 instruction should be given, then that party should so state
21 (and explain why) on a separate page inserted in lieu of an
22 alternate version; and

23         (b)  A joint memorandum of law in support of each
24 party's disputed instructions, organized by instruction
25 number.  The joint memorandum of law shall quote the text of
26 each disputed instruction and shall set forth each party's
27 respective position and legal authority, immediately after
28 the text of each disputed instruction.

23.   Each proposed instruction, whether agreed upon or disputed, shall (a) be set forth in full on a separate page; (b) embrace only one subject or principle of law; and (c) cite to the legal authority for or source of the instruction. The Court will send a copy of the instructions into the jury room for the jury's use during deliberations.

24.   **A Table of Contents shall be included with all jury instructions submitted to the Court.**   The Table of Contents shall set forth the following:

      (a)   The number of the instruction;

      (b)   A brief title of the instruction;

      (c)   Whether it is undisputed or disputed;

      (d)   The source of the instruction; and

      (e)   The page number of the instruction.

**EXAMPLE:**

| Number | Title | Source | Page Number |
|---|---|---|---|
| 1 | Defendant's Decision Not To Testify (Undisputed) | 9th Cir. Model Criminal Jury Instructions 3.3 | 1 |

25.   The Court directs counsel to use the instructions from the <u>Manual of Model Criminal Jury Instructions for the Ninth Circuit</u> (West Publishing, most recent edition) where applicable.  If this source is inapplicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> (Thomson/West, most recent edition).  Any modifications made to the original form instruction from the foregoing sources (or any other form instructions) must be specifically identified, along with the

14

authority supporting the modification.  **Counsel shall not submit proposed preliminary instructions to be given to the jury prior to opening statements.  The Court will use its own instructions which are patterned after the Preliminary Instructions Nos. 1.1 - 1.13 from the <u>Ninth Circuit Manual of Criminal Model Jury Instructions</u> (West Publishing, most recent edition).**  Counsel should not submit duplicates of these instructions.

26.  If the parties agree upon a verdict form and/or special interrogatories, they shall file a joint verdict form and/or special interrogatories, with the questions arranged in a logical sequence.  If the parties cannot agree upon a verdict form and/or special interrogatories, they shall file a joint document containing each party's alternative version along with a brief explanation of each party's respective position.

27.  The joint set of proposed jury instructions, the joint memorandum of law, and verdict form(s) and/or special interrogatories shall be filed at least <u>seven</u> (7) calendar days before the trial.  Courtesy Copies shall be provided to the Court in accordance with this Order.  In addition, the parties shall e-mail the joint set of proposed jury instructions, joint memorandum of law, and verdict form(s) and/or special interrogatories in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

28.  Immediately after the Court's final ruling on the disputed jury instructions, counsel shall file one final

"clean set" of jury instructions, which shall be sent into the jury room for the jury's use during deliberations.  The "clean set" shall contain only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. ___" (eliminating supporting authority, etc.).  Counsel shall also e-mail the final "clean set" of jury instructions in WordPerfect or Word format to the Chambers' e-mail address (JFW_Chambers@cacd.uscourts.gov) at the time of filing.

**Caveat:  The failure of any counsel to comply with or cooperate in all of the foregoing procedures regarding jury instructions and/or verdict forms will constitute a waiver of all objections to the jury instructions and/or verdict form used by the Court.**

**INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL**

29.  Counsel shall arrive at the Courtroom at 8:30 a.m. on the first day of trial.

30.  Counsel for the government shall present the Courtroom Deputy with the following documents on the first day of trial:

(a)  All of the original exhibits, with official exhibit tags attached in the lower or upper right hand corner of the first page of each exhibit and bearing the same number shown on the exhibit list. Counsel shall assemble their exhibits by placing them in a slant D-ring binder with each exhibit separated by a tab divider on the right side.  These exhibits shall be numbered in accordance with the civil Local Rules.  Each binder shall contain a Table of Contents and

shall include a label on the spine of the binder identifying its contents.  All exhibits contained in the binders must be three hole punched with the oversized 13/32" hole size, not the standard 9/32" hole size.

(b)   One bench book with a copy of each exhibit for the Court's use, tabbed and formatted as described above.

(c)   In addition to the exhibit binders, counsel shall bring with them to the first day of trial three copies of their exhibit list, and three copies of their final witness list in the order in which the witnesses will be called to testify.

31.   Defendant's counsel is not required to deliver defense exhibits to the Courtroom Deputy on the first day of trial.   However, defendant's counsel is responsible for affixing completed exhibit tags with the case name and case number to defendant's exhibits and shall deliver those exhibits to the Courtroom Deputy at the beginning of the defense case.   Exhibit tags can be obtained from the receptionist in the main Clerk's Office, located at 312 North Spring Street, Room G-8.

32.   Exhibits shall be numbered 1, 2, 3, 4, etc., NOT 1.1, 1.50 etc.   If a blow up is an enlargement of an existing exhibit, it shall be designated with the number of the original exhibit followed by an "A".   Counsel for the government should be aware that the Court will order that exhibits such as firearms, narcotics, etc., remain in the custody of the agents during the pendency of the trial.   The agent will be required to sign the appropriate form in order

to take custody of such exhibits.  It shall be the responsibility of the agents to produce said items during the trial, secure them at night and guard them at all times while in the courtroom.

33.  As each witness takes the stand, the witness shall be given a binder of the exhibits that will be used during the direct examination.  The Court shall be given a like binder which shall also include a list of the particular exhibits.

34.  On the first day of trial, counsel shall file a joint document, entitled "Proposed Jury Instructions During Trial," that includes any jury instructions that counsel will request the Court to give during the course of the trial. Counsel shall prepare the Proposed Jury Instructions During Trial in accordance with this Order.  Failure to comply with this section shall constitute a waiver of the right to request instructions during trial or the right to object to any instructions the Court may give during trial, unless counsel can demonstrate good cause for the failure to submit such instructions.

35.  After the initial day of trial, trials are conducted Tuesday through Friday from 8:00 a.m. to 2:00 p.m., with two fifteen (15) minute breaks.  On the first day of trial, the Court will commence at 8:30 a.m. and conclude at 5:00 p.m. with a standard lunch break.

36.  Before trial commences, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal issues.  During the trial, if

there are any matters counsel wish to discuss, please inform
the Courtroom Deputy.

37.    Counsel shall not refer to their clients or any
witness over 14 years of age by their first name during
trial.

38.    Do not discuss the law or argue the case in opening
statements.

39.    When objecting, state only that you are objecting
and the legal ground of the objection, e.g., hearsay,
irrelevant, etc.   Do not argue an objection before the jury.

40.    Do not approach the Courtroom Deputy or the witness
box without the Court's permission.   Return to the lectern
when your purpose has been accomplished.   Do not enter the
well of the Court without the Court's permission.

41.    Please rise when addressing the Court, and when the
jury enters or leaves the courtroom.

42.    Address all remarks to the Court.   Do not directly
address the Courtroom Deputy, the reporter or opposing
counsel.   If you wish to speak with opposing counsel, ask for
the Court's permission to talk to counsel off the record.
All requests to re-read questions or answers, or to have an
exhibit placed in front of a witness, shall be addressed to
the Court.

43.    Do not make an offer of stipulation unless you have
conferred with opposing counsel and reached an agreement.
Any stipulation of fact will require the defendant's personal
concurrence and shall be submitted to the Court in writing
/ / /

for approval.  A proposed stipulation should be explained to the defendant in advance.

44.  While court is in session, do not leave the counsel table to confer with investigators, secretaries, or witnesses, unless permission is granted in advance.

45.  When a party has more than one lawyer, only one may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

46.  If a witness was on the stand at a recess or adjournment, have the witness back on the stand and ready to proceed when court resumes.

47.  Do not run out of witnesses.  If you are out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

48.  Counsel are advised to be on time as the Court starts promptly.

49.  At or before the conclusion of the evidence, counsel for the government shall submit to the Courtroom Deputy a hard copy and an electronic version of a "clean" list of only those exhibits that have been admitted into evidence.  The list shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

       (a)  Exhibit Number.

       (b)  Date.

       (c)  A brief description of the exhibit that will enable the jurors to identify it but which does not

1    characterize the exhibit or its contents (*e.g.*, letter from A

2    to B; photograph of 100 Main Street).

3          Counsel for all parties shall review and approve the

4    exhibit list and all exhibits with the Courtroom Deputy

5    before they are delivered to the jury for deliberations.

6          Failure to advise the Court of any objections to the

7    exhibit list or the exhibits prior to the time they are

8    delivered to the jury will constitute a waiver of those

9    objections.

10

11

12

13   DATED:    July 20, 2017                _____

14                                          JOHN F. WALTER
                                            UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(Rev. 2/24/15)